UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SANTIAGO REYES, on behalf of himself and all others similarly situated,<br><br>               Plaintiff,<br><br>    -v-<br><br>24 WEST FOOD CORP., ABDEL K. ABUZAHRIEH, MOHAMMED ABUZAHRIEH, AND HIKMAT ABUZAHRIEH,<br><br>               Defendants. | CIVIL ACTION NO.: 18 Civ. 10878 (GBD) (SLC)<br><br>**REPORT AND RECOMMENDATION** |

**SARAH L. CAVE**, United States Magistrate Judge.

**TO THE HONORABLE GEORGE B. DANIELS**, United States District Judge:

## I.    INTRODUCTION

Santiago Reyes filed this action, on behalf of himself and all others similarly situated, against his former employer, 24 West Food Corp. d/b/a Food Dynasty Supermarket, and its alleged owners and operators Abdel K. Abuzahrieh, Mohammed Abuzahrieh, and Hikmat Abuzahrieh (together, "Defendants"). Reyes alleges that Defendants failed to pay him minimum wage and overtime pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. and the New York Labor Law ("NYLL"), §§ 650 et seq., failed to pay the spread-of-hours premium, and failed to provide proper wage notices and wage statements pursuant to NYLL §§ 190 et seq. (ECF No. 1 ¶¶ 1–2).

Before the Court is Defendants' motion for summary judgment as to all of Reyes's claims (the "Motion"). (ECF No. 22). Defendants argue that Reyes's claims are precluded by prior settlement agreements resulting from audits conducted by the United States Department of

Labor ("DOL").  (ECF No. 22-1 ¶¶ 3–4).  For the reasons set forth below, the Court respectfully recommends that the Motion be GRANTED IN PART and DENIED IN PART.

## II.   BACKGROUND

### A.  Factual Background

The following facts are taken from the Complaint and the submissions in support of and in opposition to the Motion.

#### 1.  Reyes's employment period

Reyes alleges that he was employed by Defendants from approximately July 4, 2016 through August 13, 2018 (the "Employment Period").  (ECF No. 1 ¶ 49).  From the beginning of the Employment Period until July 2018, Reyes worked six days a week, from approximately 9:00 am to 7:00 pm or longer, for a total of about 60 hours per week.  (Id. ¶ 50).  After July 2018, Reyes alleges that his schedule was reduced, with most Sundays off, and that he worked approximately 46 hours per week.  (Id. ¶ 51).

From the beginning of the Employment Period through 2017, Reyes alleges he was paid $600.00 per week.  (ECF No. 1 ¶¶ 53, 56).  From January 2018 through the end of the Employment Period he was paid $13.00 per hour, for both regular and overtime hours.  (Id. ¶ 54).  Reyes alleges that throughout the Employment Period, he was not provided any wage statements or pay documentation and was paid entirely in cash.  (Id. ¶ 56).

Defendants contend that Reyes has not shown that he worked the weeks between August 13, 2016 and September 24, 2016.  (ECF No. 22-1 ¶ 4).

### 2.   The 2017 WHD Investigation

In support of the Motion, Defendants submitted a DOL Wage and Hour Division ("WHD") "Summary of Unpaid Wages" (Form WH-56) dated May 19, 2017 (the "2017 Summary"). (ECF No. 22-4). The 2017 Summary indicates that from the workweek ending June 18, 2016 through the workweek ending August 13, 2016, Reyes was owed a total of $394.73 in unpaid wages. (Id. at 3). Defendants contend that the 2017 Summary evidences a settlement agreement that covered "all times up until the end of the pay period ending August 13, 2016" pursuant to a WHD audit (the "2017 WHD Investigation"). (ECF No. 22-1 ¶ 4). The 2017 Summary is unsigned, although it provides a space for the employer's signature to attest, "I agree to pay the listed employees the amount due shown above . . . ." (ECF No. 22-4 at 1).

### 3.   The 2019 WHD Investigation

Defendants also submitted a document from the WHD entitled, "Receipt for Payment of Back Wages, Liquidated Damages, Employment Benefits, or Other Compensation" (Form WH-58) (the "2019 Waiver"), provided to Reyes as a result of a 2019 WHD audit of Defendants (the "2019 WHD Investigation"). (ECF No. 22-2). The 2019 Waiver indicates that for the workweek ending September 24, 2016 through the workweek ending August 11, 2018, Defendants owed Reyes $4,234.22 as the gross amount of back wages, and an additional $4,234.22 as the gross amount of liquidated damages. (Id.) The document indicates that the payment "is based on the findings of a WHD investigation" and "is required by the Act(s) indicated below in the marked box(es)." (Id.) The marked box beneath this statement reads "Fair Labor Standards Act (FLSA)." (Id.)

A "Notice to Employee" on the 2019 Waiver states in full:

Your acceptance of this payment of wages and/or other compensation due under the Fair Labor Standards Act (FLSA) or Family Medical Leave Act (FMLA), based on

the findings of the WHD means that you have given up the right you have to bring suit on your own behalf for the payment of such unpaid minimum wages or unpaid overtime compensation for the period of time indicated above and an equal amount in liquidated damages, plus attorney's fees and court costs under Section 16(b) of the FLSA or Section 107 of the FMLA.  Generally, a suit for unpaid wages or other compensation, including liquidated damages, must be filed within two years of a violation of the FLSA or FMLA.  Do not sign this receipt unless you have actually received this payment in the amount indicated above.

(Id.)

Reyes signed the 2019 Waiver on February 8, 2019 above the bolded statement:

I understand that my signature on this receipt and waiver attests to the fact that I have actually received the payment in the amount indicated above of the wages, liquidated damages, or other compensation due to me, and that I waive my right to bring suit as described above, and covering the period set forth above.

(Id.)  Defendants also submitted a copy of an endorsed and deposited check dated February 4, 2019 from 24 West Food Corp. to Reyes in the amount of $8,468.44, representing the back pay and liquidated damages owed to Reyes as a result of the 2019 WHD Investigation.  (Id.; ECF No. 22-3).

### B.  Procedural Background

On November 20, 2018, Reyes filed the Complaint, alleging FLSA and NYLL violations by Defendants.  (ECF No. 1).  On December 28, 2018, Defendants filed their Answer (ECF No. 16), and on January 2, 2019 the Honorable George B. Daniels referred the parties to mediation, which was held but unsuccessful.  (ECF Nos. 18, 19).

On December 9, 2019, Defendants filed the Motion.  (ECF No. 22).  Plaintiff filed an opposition on January 14, 2020 (ECF No. 25), and Defendants filed a reply in further support of the Motion on February 14, 2020 (ECF No. 28).  On February 10, 2020, Judge Daniels referred the Motion to the undersigned for a Report and Recommendation.  (ECF No. 27).

### III.   DISCUSSION

#### A. Legal Standards

##### 1.   Motions for summary judgment

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Darnell v. Pineiro, 849 F.3d 17, 22 (2d Cir. 2017); Byrd v. City of New York, No. 17 Civ. 2166 (AJP), 2018 WL 259316, at *3 (S.D.N.Y. Jan. 2, 2018). "On a motion for summary judgment, the moving party bears the initial burden of establishing that no genuine factual dispute exists," and if the movant satisfies that burden, "the burden shifts to the nonmoving party to 'set forth specific facts showing that there is a genuine issue for trial,' . . . and to present such evidence that would allow a jury to find in his favor." Blue v. City of New York, No. 14 Civ. 7836 (VSB), 2018 WL 1136613, at *5 (S.D.N.Y. Mar. 1, 2018) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986)).

To overcome a summary judgment motion, the nonmoving party "'must do more than simply show that there is some metaphysical doubt as to the material facts.'" Blue, 2018 WL 1136613, at *5 (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving party must "cit[e] to particular parts of materials in the record" to show that "a fact . . . is genuinely disputed." Fed. R. Civ. P. 56(c)(1); see Blue, 2018 WL 1136613, at *5; Byrd, 2018 WL 259316, at *3. Where a party "fails . . . to properly address another party's assertion of fact as required by Rule 56(c), the court may," inter alia, "consider the fact undisputed for purposes of the motion," or "grant summary judgment if the motion and

supporting materials — including the facts considered undisputed — show that the movant is entitled to it."  Fed. R. Civ. P. 56(e)(2), (3); see Blue, 2018 WL 1136613, at *5.

Presented with a motion for summary judgment, the court does not resolve contested issues of facts, but rather determines whether any disputed issue of material fact exists.  See Donahue v. Windsor Locks Bd. of Fire Comm'rs, 834 F.2d 54, 58 (2d Cir. 1987); Byrd, 2018 WL 259316, at *5.  The applicable substantive law determines which facts are material "and which facts are irrelevant."  Byrd, 2018 WL 259316, at *5.  The court must "view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in its favor, and may grant summary judgment only when no reasonable trier of fact could find in favor of the nonmoving party."  Allen v. Coughlin III, 64 F.3d 77, 79 (2d Cir. 1995) (internal citations omitted); see Rasmy v. Marriott Int'l, Inc., 952 F.3d 379, 386 (2d Cir. 2020) (explaining that a "district court must resolve any doubts and ambiguities and draw all reasonable inferences in favor of the nonmoving party"); Wandering Dago v. Destito, 879 F.3d 20, 30 (2d Cir. 2018); Vasquez v. Reilly, No. 15 Civ. 9528 (KMK), 2018 WL 2768648, at *1 (S.D.N.Y. June 8, 2018).

Summary judgment must be denied "if there is any evidence in the record that could reasonably support a jury's verdict for the non-moving party."  Marvel Characters, Inc. v. Simon, 310 F.3d 280, 286 (2d Cir. 2002); see Byrd, 2018 WL 259316, at *4 ("If, as to the issue on which summary judgment is sought, there is any evidence in the record from any source from which a reasonable inference could be drawn in favor of the nonmoving party, summary judgment is improper.").  "In determining whether the moving party is entitled to judgment as a matter of law, or whether instead there is sufficient evidence in the opposing party's favor to create a genuine issue of material fact to be tried, the district court may not properly consider the record

in piecemeal fashion, trusting innocent explanations for individual strands of evidence; rather, it must review all of the evidence in the record." Kaytor v. Elec. Boat Corp., 609 F.3d 537, 545 (2d Cir. 2010).

### 2.   Local Rule 56.1

Local Rule 56.1(a) states that "[u]pon any motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, there shall be annexed to the notice of motion a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried.   Failure to submit such a statement may constitute grounds for denial of the motion."  S.D.N.Y. Local Civ. R. 56.1(a).

In the Second Circuit, "'[a] district court has broad discretion to determine whether to overlook a party's failure to comply with' Local Rule 56.1." Chen v. New Trend Apparel, Inc., 8 F. Supp. 3d 406, 432 (S.D.N.Y. 2014) (quoting Holtz v. Rockefeller & Co., 258 F.3d 62, 73 (2d Cir. 2001)).  In its discretion, a District Court may "opt to conduct an assiduous review of the record even where one of the parties has failed to file [a Rule 56.1] statement." Holtz, 258 F.3d at 73 (internal citation omitted); see Weiss v. Delta Dallas Alpha Corp., No. 02 Civ. 2484 (GBD) (THK), 2004 WL 1636997, at *1 (S.D.N.Y. July 21, 2004) (holding that a magistrate judge "properly exercised his discretion in deciding the motion on the merits," as opposed to denying the motion for failure to comply with Local Rule 56.1).

### 3.   Employer record keeping requirements under the FLSA and NYLL

The FLSA and the NYLL both require employers to maintain and preserve detailed records of the hours worked and the pay received by its employees. 29 U.S.C. § 211(c) ("Every employer subject to any provision of this chapter . . . shall make, keep, and preserve such records of the

persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him . . . ."); 29 C.F.R. § 516.2(a)(7) ("Every employer shall maintain and preserve payroll or other records . . . [of the] [h]ours worked each workday and total hours worked each workweek . . . ."); NYLL § 661 ("For all employees covered by this article, every employer shall establish, maintain, and preserve for not less than six years contemporaneous, true, and accurate payroll records showing for each week worked the hours worked, the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other basis; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages for each employee, plus such other information as the commissioner deems material and necessary."); N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.6(a)(3)–(4) (2016) ("Every employer shall establish, maintain[,] and preserve for not less than six years, weekly payroll records which shall show for each employee:  . . . wage rate; . . . the number of hours worked daily and weekly . . . .").

If an employer fails to maintain proper records, a plaintiff may establish his entitlement to unpaid wages by introducing "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference," Jiao v. Shi Ya Chen, No. 03 Civ. 165 (DF), 2007 WL 4944767, at *2 (S.D.N.Y. Mar. 30, 2007) (internal citation omitted), which he may do by "relying on his recollection alone." Doo Nam Yang v. ACBL Corp., 427 F. Supp. 2d 327, 335 (S.D.N.Y. 2005). "The burden then shifts back to the employer to establish that the employee was in fact properly compensated." Cuahua v. Tanaka Japanese Sushi Inc., No. 14 Civ. 4177 (ER), 2017 WL 4357980, at *4 (S.D.N.Y. Sept. 29, 2017).  "If the employer fails to do so, the court may enter judgment in the employee's favor, using [his] recollection to determine damages, 'even though the result be

only approximate.'" <u>Lanzetta v. Florio's Enters., Inc.,</u> 763 F. Supp. 2d 615, 618 (S.D.N.Y. 2011)

(quoting <u>Reich v. S. New Eng. Telecomms. Corp.</u>, 121 F.3d 58, 67 (2d Cir. 1997)).

### 4.  **FLSA waivers pursuant to DOL investigations**

The FLSA allows for waiver of claims by employees following their receipt of

compensation in connection with a DOL investigation, providing in pertinent part:

> The Secretary [of Labor] is authorized to supervise the payment of the unpaid
> minimum wages or the unpaid overtime compensation owing to any employee or
> employees under section 206 or section 207 of this title, and the agreement of
> any employee to accept such payment shall upon payment in full constitute a
> waiver by such employee of any right he may have under subsection (b) [providing
> a right of action for violations of §§ 206 or 207] of this section to such unpaid
> minimum wages or unpaid overtime compensation and an additional equal
> amount as liquidated damages.

29 U.S.C. § 216(c).  A signed WH-58 Form is sufficient to release a plaintiff's FLSA claims.  <u>See</u>

<u>Guzman v. Concavage Marine Constr. Inc.</u>, 176 F. Supp. 3d 330, 337 (S.D.N.Y. 2016) ("There is no

question that a signed WH-58 can operate as a release of a plaintiff's FLSA claims."); <u>Callari v.</u>

<u>Blackman Plumbing Supply, Inc.</u>, 988 F. Supp. 2d 261, 279 (E.D.N.Y. 2013) ("[T]he signing of a WH-

58 form, pursuant to a DOL settlement and which contains explicit waiver language, is sufficient

to constitute a waiver in accordance with [the FLSA]."); <u>Zhengfang Liang v. Cafe Spice SB, Inc.</u>,

911 F. Supp. 2d 184, 198 (E.D.N.Y. 2012) ("[C]ourts that have determined that a plaintiff's FLSA

claims were waived pursuant to a DOL settlement have found that the waiver occurred pursuant

to plaintiff's receipt of a WH-58 form, which contains explicit waiver language, or a similar form

containing explicit waiver language.").

To determine whether a WH-58 Form operates as a valid waiver of a plaintiff's right to

sue in a particular case, courts apply a two-pronged approach, requiring:  "(a) that the employee

agree to accept payment which the Secretary [of Labor] determines to be due and (b) that there

be payment in full, and both elements must be satisfied independently." Zhengfang Liang, 911 F. Supp. 2d at 198 (internal citations omitted); see Callari, 988 F. Supp. 2d at 278 (same). A "WH-58 Form only contains a waiver with respect to FLSA actions; it says nothing about state law actions" and thus a validly executed WH-58 Form does not operate as a waiver of NYLL claims. Callari, 988 F. Supp. 2d at 279 (declining to dismiss NYLL claims for same time period covered by a FLSA waiver).

### B. Application

#### 1. Defendants' failure to provide a Rule 56.1 statement

Despite Defendants' failure to submit a statement that complies with Local Rule 56.1, the Court exercises its discretion to conduct a detailed review of the record and proceed to address the merits of the Motion. See Holtz, 258 F.3d at 73; Weiss, 2004 WL 1636997, at *1.

#### 2. Claims covered by WHD Investigations

Defendants argue that the 2017 WHD Investigation and the 2019 WHD Investigation, as evidenced by the 2017 Summary and the 2019 Waiver, preclude Reyes's claims. (ECF No. 22-1 ¶ 3–4). Defendants assert that the 2017 WHD Investigation released Defendants from Reyes's wage claims from the beginning of the Employment Period through the workweek ending August 13, 2016 (id. ¶ 4), and that the 2019 WHD Investigation released Defendants from any wage claims from workweek ending on September 24, 2016 through the workweek ending August 11, 2018. (Id. ¶ 3; ECF No. 22-2). Defendants state that Reyes "has to show [that he] worked" in the time period between the investigations, August 13, 2016 through September 24, 2016. (ECF No. 22-1 ¶ 4). Further, Defendants allege that the 2017 Summary and the 2019 Waiver cover both

Reyes's FLSA and NYLL claims because "[t]he language is not limited to certain [f]ederal statutes." (Id. ¶ 6).

Reyes responds that the 2017 Summary is not a release of any claims, and that he has not "released any claims prior to September 24, 2016" or his "NYLL claims at any time." (ECF No. 25 at 9). Reyes notes that the Defendants did not provide any proof of a gap in his employment, and thus cannot show that he did not work from August 13, 2016 through September 24, 2016, the time period not covered by the WHD investigations. (Id. at 11). The Court agrees.

The 2017 Summary does not evidence a waiver of any claims. It is an unsigned document reflecting the WHD's finding that Reyes was owed $394.73 in unpaid wages from the workweek ending June 18, 2016 through the workweek ending August 13, 2016. (ECF No. 22-4 at 3). The 2017 Summary is a DOL WH-56 Form titled "Summary of Unpaid Wages." (Id.) There is no waiver language on the form, and Defendants did not submit any evidence that Reyes agreed to this amount or received the unpaid wages. The 2017 Summary therefore fails to operate as a waiver of Reyes's claims. See Zhengfang Liang, 911 F. Supp. 2d at 198.

In contrast, the 2019 Waiver is an executed WH-58 Form that expressly released Reyes's FLSA claims for unpaid wages and overtime from September 18, 2016[1] through August 11, 2018. (ECF No. 22-2). The WH-58 Form operates as a waiver if Reyes agreed to accept the payment that WHD determined was due, and if Reyes was paid that amount. Zhengfang Liang, 911 F. Supp. 2d at 198 (internal citations omitted); see also Callari, 988 F. Supp. 2d at 278 (same). Both prongs are met here.

---

[1] The 2019 Waiver releases Reyes's FLSA claims from for the workweek ending on September 24, 2016 through the workweek ending August 11, 2018. (ECF No. 22-2). The workweek ending September 24, 2016, began on Sunday, September 18, 2016.

First, Reyes agreed to, and did, accept the amount WHD determined was due, and he does not allege that he accepted this payment under duress of any kind.  His acceptance of the full payment is evidenced by the copy of the deposited check for the full amount indicated on the WH-58 Form.  (ECF No. 22-2; ECF No. 22-3).

Second, the "Notice to Employee" on the 2019 Waiver states that Reyes accepted the "payment of wages and/or other compensation due under the <u>Fair Labor Standards Act (FLSA)</u> . . . ."  (ECF No. 22-2) (emphasis added).  The notice also states that by signing the waiver, the person has "given up the right . . . to bring suit on [their] own behalf for the payment of such unpaid minimum wages or unpaid overtime compensation for the period of time indicated above and an equal amount in liquidated damages, plus attorney's fees and court costs <u>under Section 16(b) of the FLSA</u> . . . ."  (<u>Id.</u>) (emphasis added).  There is no mention of other wage claims, including NYLL claims, and thus the 2019 Waiver does not operate as a waiver of Reyes's NYLL claims.  <u>See</u> <u>Callari</u>, 988 F. Supp. 2d at 279 (declining to dismiss NYLL claims for same time period covered by an FLSA waiver because a "WH-58 Form only contains a waiver with respect to FLSA actions; it says nothing about state law actions").  Despite Defendants' contention that finding remaining NYLL claims "would undermine the whole idea of these deals" and that the language of the 2019 Waiver "is not limited to certain [f]ederal statutes," the plain language of the document simply does not cover the NYLL claims.  (ECF No. 22-1 ¶ 6).  <u>See</u> <u>Guzman</u>, 176 F. Supp. 3d at 336–37.

*     *     *

Accordingly, the Court finds that there is no disputed issue of material fact that Reyes has released his FLSA, but not his NYLL, claims during the time period covered by the 2019 Waiver.

Because, however, the 2017 Summary did <u>not</u> act as a waiver of Reyes's wage claims from the beginning of the Employment Period through the workweek ending August 13, 2016, Defendants have failed to demonstrate the absence of a genuine issue of disputed material fact and those claims must survive the Motion.

### 3.  Remaining Claims

Defendants did not submit with the Motion any documents reflecting Reyes's hours worked or compensation, and thus the Court relies on the employment dates and hours worked alleged in the Complaint.  <u>Lanzetta,</u> 763 F. Supp. 2d at 618.

### a.  July 4, 2016 through September 17, 2016

Reyes alleges that he began working for Defendants on approximately July 4, 2016.  (ECF No. 1 ¶ 49).  Defendants assert that the 2017 Summary released Reyes's claims from the beginning of the Employment Period through August 13, 2016, and that Reyes did not prove that he worked between August 13, 2016 and September 24, 2016.  (ECF No. 22-1 ¶¶ 3–4).  However, Defendants misconstrue their record-keeping burden.  <u>See</u> <u>supra</u> § III.A.3.  Defendants did not submit any time sheets or pay records in support of the Motion, and contrary to their contention, the 2017 Summary did not release any claims.  Because the Court reviewing a motion for summary judgment does not resolve disputed facts, and must view the evidence in the light most favorable to the non-moving party, the Court finds that general issues of material fact remain disputed with respect to the FLSA and NYLL wage claims from the beginning of the Employment Period up to the period covered by the 2019 Waiver, specifically for the 76 days between July 4, 2016 and September 17, 2016.  <u>See</u> <u>Rasmy</u>, 952 F.3d at 386; <u>Donahue</u>, 834 F.2d at 57.

13

### b.  September 18, 2016 through August 11, 2018

While tacitly conceding that Reyes has, at most, cognizable claims "prior to September 24, 2016 and all NYLL claims," he repeatedly asks the court to deny the Motion in its entirety. (ECF No. 25 at 13–14).  The 2019 Waiver, which is an unambiguous release of Reyes's FLSA claims against the Defendants from September 18, 2016 through August 11, 2018, proves to the contrary. (ECF No. 22-2).  While Defendants contend that the 2019 Waiver releases Reyes's FLSA and NYLL claims, as the Court has held above, it only released Defendants from Reyes's FLSA claims, and not his NYLL claims.  See supra § III.B.2.  Accordingly, the Court finds that disputed issues of material fact remain as to Reyes's NYLL claims from September 18, 2016 through August 11, 2018.

### c.  August 12, 2018 and August 13, 2018

Reyes alleges that he stopped working for Defendants around August 13, 2018.  (ECF No. 1 ¶ 49).  This leaves the possibility that he may have claims from August 12, 2018 until August 13, 2018, because the 2019 Waiver only forecloses Reyes's FLSA claims through August 11, 2018. August 12 and 13, 2018, were a Sunday and Monday, respectively.  Plaintiff alleges that during this time, he had "most Sundays off," and that his normal Monday hours were from 9:00 am to 5:00 pm.  (Id. ¶ 51).  Based on Reyes's allegations, at most he has claims based on hours he worked on Monday, August 13, 2018, which he estimates as eight hours at a rate of $13.00 per hour.  (Id. ¶¶ 51, 54).  The New York City minimum wage was $13.00 per hour on August 13, 2018.  See NYLL § 652(1)(a)(i).  Based on only one day, however, Reyes cannot establish a workweek of over 40 hours for which he would be entitled to overtime under FLSA.  See 29 U.S.C. § 207(a)(1) ("In order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege

40 hours of work in a given workweek as well as some uncompensated time in excess of the 40hours."). Accordingly, the Court finds that Defendants have demonstrated, as a matter of law, that Reyes lacks any cognizable FLSA claims for August 12, 2018 and August 13, 2018. However, Defendants have not shown that there is no disputed issue of material fact as to any NYLL claims for August 13, 2018.

### IV.    **CONCLUSION**

For the reasons set forth above, the Court respectfully recommends that the Motion be GRANTED IN PART and DENIED IN PART as follows:

1. the Motion be GRANTED and summary judgment be entered in Defendants' favor dismissing the following claims:

    a.   the FLSA claims for the period September 18, 2016 through August 11, 2018 (the time period covered by the 2019 Waiver); and

    b.  the FLSA claims for the period August 12, 2018 to August 13, 2018.

2. That the Motion be DENIED with respect to the following claims:

    a.  the FLSA and NYLL claims for the period July 4, 2016 through September 17, 2016 (the beginning of the Employment Period to the time period covered by the 2019 Waiver);

    b.  the NYLL claims for the period September 18, 2016 through August 11, 2018 (the time period covered by the 2019 Waiver); and

    c.  Reyes's NYLL claims for August 13, 2018.

The Clerk of Court is respectfully directed to close the Motion at ECF No. 22.

Dated:       New York, New York
              July 2, 2020

                                          SARAH L. CAVE
                                          United States Magistrate Judge

                      \*                          \*                        \*

**NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

The parties shall have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure.  See also Fed. R. Civ. P. 6(a), (d) (adding three additional days when service is made under Fed. R. Civ. P. 5(b)(2)(C), (D) or (F)).  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b)(2).  Such objections, and any response to objections, shall be filed with the Clerk of the Court.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), (d), 72(b).  Any requests for an extension of time for filing objections must be addressed to Judge Daniels.

**FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.**  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), (d), 72(b); Thomas v. Arn, 474 U.S. 140 (1985).