UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
SANTIAGO REYES, *on behalf of himself and all others similarly situated*,

                        Plaintiff,

       -against-

24 WEST FOOD CORP. *d/b/a* FOOD DYNASTY SUPERMARKET; ABDEL K. ABUZAHRIEH; MOHAMMED ABUZAHRIEH; HIKMAT ABUZAHRIEH,

                        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x



MEMORANDUM DECISION
AND ORDER

18 Civ. 10878 (GBD) (SLC)

GEORGE B. DANIELS, United States District Judge:

    Plaintiff Santiago Reyes brings this action, on behalf of himself and all others similarly situated, against his former employer 24 West Food Corp. and its alleged owners and operators Abdel K. Abuzahrieh, Mohammed Abuzahrieh, and Hikmat Abuzahrieh (collectively, "Defendants"). Plaintiff alleges that Defendants violated the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 *et seq.* and New York Labor Law (the "NYLL"), §§ 650 *et seq.*, by failing to pay him minimum wage or overtime wages while employed. (Compl., ECF No. 1, ¶ 2.) Additionally, Plaintiff alleges that Defendants further violated NYLL §§ 190 *et seq.* by failing to pay spread-of-hours premium or provide wage notices and statements. (*Id.* ¶¶ 1–2.) Defendants subsequently moved for summary judgment, arguing that Plaintiff's claims are precluded by prior settlement agreements. (Notice of Mot., ECF No. 22; *see also Id.*, Ex. 1 (Affirmation in Supp. ("Affirmation")), ECF No. 22-1, ¶¶ 8–11.) Before this Court is Magistrate Judge Sarah L. Cave's July 2, 2020 Report and Recommendation (the "Report"), recommending that Defendants' motion be granted with regard to the FLSA claims covering the periods (1) September 18, 2016 through August 11, 2018 and (2) August 12, 2018 through August 13, 2018, and be denied with regard to

1

(1) the FLSA and NYLL claims for the period covering July 4, 2016 through September 17, 2016; (2) the NYLL claims covering the period September 18, 2016 through August 11, 2018; and (3) the NYLL claims covering August 13, 2018.[1] (Report, ECF No. 32, at 15.) Magistrate Judge Cave advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.* at 16.) No objections have been filed. Having reviewed the Report for clear error and finding none, this Court ADOPTS the Report.

## I. FACTUAL BACKGROUND

Plaintiff alleges that he worked as an employee of Defendants from approximately July 4, 2016 through August 13, 2018. (*Id.* ¶ 49.) Plaintiff claims that while working for Defendants, he worked approximately 60 hours per week until July 2018, after which he worked approximately 46 hours per week. (*Id.* ¶¶ 50–51.) According to Plaintiff, he was paid $600 per week from around 2016 to around 2017, and $13 per hour for all hours worked (including overtime hours) from around January 2018 to August 2018. (*Id.* ¶¶ 53–54.) Plaintiff also claims that Defendants paid him in cash and never provided him with any wage statements or pay documentation. (*Id.* ¶ 56.)

Much of the dispute in this case surrounds two investigations by the Department of Labor Wage and Hour Division ("WHD") (collectively, the "WHD Investigations"): (1) an investigation in 2017 summarized in an unsigned document titled "Summary of Unpaid Wages" form, dated May 19, 2017 (the "2017 Summary"); and (2) an investigation in 2019 summarized in a document titled "Receipt for Payment of Back Wages, Liquidated Damages, Employment Benefits, or Other Compensation" (the "2019 Wavier"). (*See* Notice of Mot., Ex. 4 (Summary of Unpaid Wages), ECF No. 22-4; *id.*, Ex. 2 (Receipt for Payment of Back Wages, Liquidated Damages, Employment Benefits, or Other Compensation), ECF No. 22-2.) Defendants allege that the 2017 Summary

---

[1] The relevant factual and procedural background is set forth in greater detail in the Report and is incorporated by reference herein.

2

demonstrates that the parties entered into a settlement agreement regarding unpaid wages, covering the period from the start of Plaintiff's employment through August 13, 2016. (*See* Affirmation ¶¶ 3–4.) Defendants further allege that the 2019 Waiver demonstrates that Plaintiff received payment for funds that Defendants owed him as of August 11, 2018 and waived his right to bring claims for wages allegedly owed between September 24, 2016 and August 11, 2018. (*Id.* at ¶¶ 3–6.)

## II.   LEGAL STANDARD

### A. Reports and Recommendations.

"Although a magistrate may hear dispositive pretrial motions, [s]he may only submit proposed findings of fact and recommendations for disposition of the matter." *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990). The district court must review *de novo* the portions of a magistrate judge's report and recommendation to which a party properly objects. 28 U.S.C. § 636(b)(1)(C). However, the district court need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980). Instead, it is sufficient that the district court "arrive at its own, independent conclusion" regarding those portions of the report to which objections are made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189–90 (S.D.N.Y. 1985) (citation omitted).

Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). Clear error is present when "upon review of the entire record, [the court is] 'left with the definite and firm conviction that a mistake has been committed.'" *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted). "A magistrate's ruling is contrary to law if it 'fail[s] to apply or misapplies relevant statutes, case law, or rules of procedure[.]'" *Thai*

3

*Lao Lignite (Thai.) Co. v. Gov't of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 512 (S.D.N.Y. 2013) (first alteration in original) (citation omitted).

### III.  THE REPORT IS ADOPTED

#### A. The WHD Investigations.

Magistrate Judge Cave properly held that the 2017 Summary does not constitute a waiver of Plaintiff's claims under the FLSA or the NYLL for the period of July 4, 2016 through August 13, 2016. Indeed, as Magistrate Judge Cave correctly outlined, there is no waiver language included in the 2017 Summary, nor do Defendants submit evidence to support a theory that Plaintiff agreed to a settlement amount or ever received unpaid wages. (Report at 11.) As outlined in the Report, the absence of evidence that Plaintiff signed or otherwise executed the 2017 Summary renders it insufficient to act as a waiver of claims under the FLSA. (*Id.* at 9–10; *see also id.* at 11, 13.) Additionally, Magistrate Judge Cave correctly noted that while the 2019 Waiver expressly releases the claims covered in that time period—that is, September 2016 through August 11, 2018—it does not mention any of the NYLL claims, and therefore Plaintiff released solely his FLSA claims during that period. (*Id.* at 11–12.) Magistrate Judge Cave therefore appropriately found that there is no disputed issue of material fact that Plaintiff has released his FLSA claims during the period of September 2016 through August 11, 2018. (*Id.* at 12.) Further, Magistrate Judge Cave was correct in concluding that there is a genuine issue of disputed material fact as to whether Plaintiff waived his claims from July 4, 2016—through August 13, 2016. (*Id.* at 13.)

#### B. The July 4, 2016 Through September 17, 2016 Claims.

While Defendants argue that Plaintiff had not proven that he worked between August 13, 2016 and September 24, 2016, (Affirmation at ¶ 4), Magistrate Judge Cave properly found that Defendants failed to meet their record keeping burden under the FLSA and NYLL, as they did not "submit any time sheets or pay records" to support this argument. (Report at 13.) Accordingly,

4

Magistrate Judge Cave accurately concluded that genuine issues of material fact exist with respect to Plaintiff's claims falling between the July 4, 2016 and September 17, 2016. (*Id.*)

### C. The September 18, 2016 Through August 11, 2018 Claims.

As outlined above, Magistrate Judge Cave correctly found that the 2019 Waiver demonstrates that Plaintiff waived any right to sue under the FLSA for the period covered by this document, and thus, no genuine issue of material fact exists as to these claims. (*Id.* at 11–12, 14.) Magistrate Judge Cave also accurately concluded that, as described above, a genuine issue of material fact exists with respect to Plaintiff's NYLL claims for the period covered by the 2019 Waiver. (*Id.*)

### D. The August 12, 2018 and August 13, 2018 Claims.

Magistrate Judge Cave properly calculated the potential amount of wages to which Plaintiff might have been owed for his alleged work on the days not covered by the 2019 Waiver—that is, August 12, 2018 and August 13, 2018. (*Id.* at 14–15.) Following her calculations, she appropriately concluded that Plaintiff would be barred from demonstrating that he is entitled to overtime wages pursuant to the FLSA for any work on these days. Magistrate Judge Cave also correctly noted, however, that this does not necessarily preclude the possibility that Plaintiff may recover for his alleged work on those days under the NYLL. (*Id.* at 15.) Therefore, Defendants have not demonstrated that there is no disputed issue of material fact as to the NYLL claims on August 12, 2018 or August 13, 2018.

## I. CONCLUSION

Magistrate Judge Cave's Report is ADOPTED. Defendants' motion for summary judgment, (ECF No. 22), is GRANTED with regard to the FLSA claims covering the periods (1) September 18, 2016 through August 11, 2018 and (2) August 12, 2018 through August 13, 2018. Defendants' motion for summary judgment, (ECF No. 22), is DENIED with regard to (1) the FLSA and NYLL claims for the period covering July 4, 2016 through September 17, 2016; (2) the NYLL claims covering the period September 18, 2016 through August 11, 2018; and (3) the NYLL claims covering August 13, 2018. The Clerk of Court is directed to close the motion accordingly.

Dated: New York, New York
      August 31, 2020

SO ORDERED.

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge